FALL 1810.
First District.

DEBON
vs.
BACHE & AL.

ORDER RESCINDED.

## DEBON, CURATOR OF MORGAN, vs. BACHE & AL.

Whether an insolvent debtor can give preference to one creditor to the exclusion of the rest?

The plaintiff in behalf of the creditors of Morgan, claimed one third of the brig Holker, and both parties agreed to submit the cause to the court on the following statement.

" JOHN MORGAN, junior, was a merchant trading in the city of New-Orleans prior to, and at the time of his death. Prior to his death and the transfer hereinafter stated, he became in-

solvent, and largely indebted to the defendants and others, as appears from an inspection of his books. The defendants, merchants of New-York, repeatedly pressed for the balance due them, and John Morgan, afterwards, to wit : sometime in the latter end of May, among other property, made a transfer of one third of the brig Holker to the defendants.

" The following is the copy of a letter addressed by the defendants to John Morgan, and received after his death by the plaintiff.

"NEW-YORK, June 26, 1809.

" *Mr. John Morgan, junior.*

"DEAR SIR,

" WE fully received your sundry documents, say one third of the brig, assignment of property in England, and a letter from Prevost, relative to Leonard's notes. We need not say how much they surprised and perplexed us. Your letters, also, perhaps written under an agitated mind, are not so explicit as they ought to be, and excite consequent and alternate hopes and fears. You may be unable to extricate us, should the worst come to the worst, in the manner you might wish or expect; and it grieves us to say the frequent losses and disappointments we have met with from various quarters, render us very unfit to bear any more. Do, pray, send us a conditional draft on Page for the amount of insurance.

X

FALL, 1810.
First District.

DEBON
vs.
BACHE & AL.

" THE property in England will be tedious as well as troublesome to get at.

" WE had hoped to have found you had connected yourself with Wellman. He seems much your friend, and will, we hope, relieve your mind on his arrival, as we have no doubt of his friendly intentions. He had just sailed when your several favors came to hand. The full of your account is 13,000 dollars, which, with our shares, &c. of adventures, must make it nearly 20,000 dollars. Brown has received your letters as to the brig. As yet, nothing has been done in it, but no doubt he will do every thing that is right. With every body but Brown, things are as before. In the hope that you may be able to recover yourself, we have kept it a profound secret.

" BROWN has lately bought one half of the ship Atlantic ; Elms owns the other half ; of course he cannot address her to you.

" ATTEND to our account with expedition.

" WE mean that except Brown, no body can even guess at your letters to us, &c. Not that Brown is likely to act differently than what he always has, and which our former sentence might reasonably imply.

              " We are, &c.

                        " R. BACHE & Co."

" IT is further agreed, that the letter herein referred to, addressed to the defendants, was sent by the Holker, which was consigned to them ;

and that John Morgan died the 24th of August, 1809.

" *A. R. Ellery* for plaintiff."

" *James Alexander* for defendants."

*Ellery* for the plaintiff. The transfer of Morgan's interest in the brig is void. He was insolvent at the time of the transfer. It is so stated in the case.

AN insolvent is he who fails in his contract for want of goods. *Curia Phil. lib.* 2, *chap.* 11, *art.* 3, *p.* 406. *Ord. of Bilboa, chap.* 16, *n.* 2, *p.* 126.

THE disposition of an insolvent's property in favor of any one of his creditors is fraudulent. *Recopilacion de las leyes de Castilla, tit.* 5, *ley.* 19, *lib.* 5.

PAYMENT to a creditor in preference to the others is a fraud. *Cur. Phil. lib.* 2, *chap.* 9, *art.* 15. Fraud is presumed in those who fail. Presumptions against them are considered as proofs. *ib. art.* 16.

ASSIGNING over property to a creditor, in preference of the others, unless the debtor be compelled by legal means, or payment be made in the ordinary way as money, paid on a bill or note; but otherwise of the delivery of property even in satisfaction of a *bona fide* debt. *Cooke's B. L.* 426.

PAYMENT is fairly made when compelled by legal means; otherwise in case of a deliberate disposal of property. *Ib.*

FALL, 1810.
First District.

DEBON
vs.
BACHE & AL.

A preference has, however, been held to be fair, when given under fear of legal process, and not absolutely voluntary. 1 *T. R.* 155, *Thompson* vs. *Freeman.*

IN this case, the defendants knew Morgan's failing circumstances, and combined with him to acquire a preference to themselves over the rest of the creditors, and leave Morgan's property a mere wreck.

THE act of this territory, 1808, *chap.* 16, declares void, to all intents and purposes, all assignments giving an undue preference to one creditor, in exclusion of others.

*Alexander* for the defendants. The mere circumstance of a man's failure is not necessarily an evidence of fraud, and a failure may be fraudulent, and yet antecedent transactions held to be fair.

PAYMENT made to a creditor on pressing and repeated demands, has been considered to be compulsory, and therefore not fraudulent.

THE Ordinance of Bilboa, *chap.* 17, *sec.* 23, provides, that if a debtor, near failing, or before he makes his situation known, pays a debt not yet due, such a payment is to be considered as fraudulent. The converse proposition must be correct—that if he pays a debt already due, the payment will be deemed a fair one.

IT never was determined that a voluntary payment, security, or conveyance, made without contemplation of bankruptcy, although with

knowledge in the debtor, (and even in the creditor so paid) of the debtor's *insolvency*, and completed by delivery of possession, shall amount to an act of bankruptcy, or be void, unless it be attended with other circumstances of legal or actual fraud. *Cooper's B. L.* 147. *Hopkins* vs. *Gerry*, 7 *Mod.* 139.

FALL, 1810.
First District.

PAYMENT at the instance or on the pursuit of a creditor is a *forced* payment ; even a transfer of property. Payment not voluntary when there is an intermediate demand. *Baily's ass.* vs. *Bernard & others, Campbell N. P.* 416.

THE act of 1808, chap. 16, is an act *sui generis*, the provisions of which ought not to be extended to other cases by implication.

A debtor, in insolvent circumstances, may *bona fide* give a preference to one creditor to the exclusion of others, and such preference, though *voluntary*, is valid, unless done in contemplation of bankruptcy. And even if an act of bankruptcy be contemplated by the debtor, yet, if at the instance, and on the application of a particular creditor, he pays such a creditor, or assigns him property, such payment or assignment will be valid, as against the assigns of the bankrupt. 5. *Johnson*, 413.

FURTHER ARGUMENT. *See Post.*